LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRIGIDO GALVEZ AGUILAR, *on behalf of himself, FLSA Collective Plaintiffs, and the class,* <br><br> Plaintiff, <br><br> v. <br><br> UNCOMMON GROUNDS ENTERPRISES, INC. d/b/a DISHES, DISHES GROUP MANAGEMENT CORP. d/b/a DISHES, CITY MINT, INC. d/b/a DISHES, MINI MINT, INC. d/b/a DISHES, MINT NO. 5, INC. d/b/a DISHES, MOSHE MALLUL, and MARGARITA TALISMAN a.k.a MAGGIE TALISMAN, <br><br> Defendants. | Case No.: <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> Jury Trial Demanded |

Plaintiff BRIGIDO GALVEZ AGUILAR ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, UNCOMMON GROUNDS ENTERPRISES, INC. d/b/a DISHES, DISHES GROUP MANAGEMENT CORP. d/b/a DISHES, CITY MINT, INC. d/b/a DISHES, MINI MINT, INC. d/b/a DISHES, MINT NO. 5, INC. d/b/a DISHES, (collectively, "Corporate Defendants"), MOSHE MALLUL and MARGARITA TALISMAN

a.k.a MAGGIE TALISMAN ("Individual Defendants") (each individually "Defendant" or, collectively, "Defendants") and states as follows::

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including unpaid overtime premium, due to time shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages due to invalid tip credit, (2) unpaid wages, including overtime premium, due to time-shaving, (3) improper meal credit deductions, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.     Plaintiff, BRIGIDO GALVEZ AGUILAR is a resident of New York County, New York.

6.     Defendants collectively own and operate five (5) restaurants as a single integrated enterprise under the common trade name "Dishes" in New York City, at the following locations:

(a) 6 East 45th Street, New York, NY, 10017 (Dishes 6 East);

(b) 399 Park Avenue, New York, NY, 10022 (Dishes Park Ave);

(c) 827 Third Avenue, New York, NY, 10022 (Dishes Third Ave);

(d) 89 East 42nd Street, Grand Central Market, New York, NY 10017 (Dishes at Home); and

(e) 89 East 42nd Street, Dining Concourse, Grand Central, New York, NY 10017 (Dishes Grand Central; and collectively, the "Restaurants").

7.    The Restaurants are commonly owned and operated by Defendants as a single integrated enterprise under the common control of the Corporate Defendants and Individual Defendants. Specifically, the Restaurants are engaged in related activities, share common ownership, and have a common business purpose:

(a) The Restaurants share a common website for all locations, offering the same trade name, logo, menu items, and catering services, and are collectively marketed by Corporate Defendant UNCOMMON GROUNDS ENTERPRISES, INC. on a single common website as a single integrated entity. *See* **Exhibit A**, Defendants' website, also available at http://www.dishestogo.com/locations.aspx.

(b) Employees, food, and supplies are interchangeable among all Restaurant locations. Throughout Plaintiff's employment with Defendants, Defendants frequently transferred employees, including Plaintiff, among the Restaurants to perform work on an as-needed basis. Defendants also directed employees, including Plaintiff, to deliver food and supplies among the Restaurants on an as-needed basis.

(c) The Restaurants share payroll methods and have a single, centralized system of labor relations for employees, including employee scheduling.

8. Defendants operate the Restaurants through the following Corporate Defendants:

(a) Corporate Defendant UNCOMMON GROUNDS ENTERPRISES, INC. d/b/a DISHES is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located 6 E 45th St., New York, NY 10017.

(b) Corporate Defendant DISHES GROUP MANAGEMENT CORP. d/b/a DISHES is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located 6 E 45th St., New York, NY 10017 .

(c) Corporate Defendant CITY MINT, INC. d/b/a DISHES, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located 6 E 45th St., New York, NY 10017.

(d) Corporate Defendant MINI MINT, INC. d/b/a DISHES, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 399 Park Ave. New York, NY 10022 and an address for service of process located 6 E 45th St., New York, NY 10017.

(e) Corporate Defendant MINT NO. 5, INC. d/b/a DISHES, is a domestic business corporation organized under the laws of the State of New York, with

a principal place of business and an address for service of process located 6 E 45th St., New York, NY 10017.

9.      Individual Defendant MOSHE MALLUL is the principal and executive officer of all Corporate Defendants entities. MOSHE MALLUL exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. MOSHE MALLUL frequently visits the Restaurants. MOSHE MALLUL exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees of the Restaurants could complain to MOSHE MALLUL directly regarding any of the terms of their employment, and MOSHE MALLUL would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. MOSHE MALLUL exercised functional control over the business and financial operations of Corporate Defendants. MOSHE MALLUL had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

10.      Individual  Defendant MARGARITA TALISMAN is co-founder and principal of all Corporate Defendants entities. MARGARITA TALISMAN exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. MARGARITA TALISMAN frequently visits the Restaurants. MARGARITA TALISMAN exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment,

and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees of the Restaurants could complain to MARGARITA TALISMAN directly regarding any of the terms of their employment, and MARGARITA TALISMAN would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. MARGARITA TALISMAN exercised functional control over the business and financial operations of Corporate Defendants. MARGARITA TALISMAN had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

11.     At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b). on behalf of all current and former non-exempt employees (including but not limited to, delivery persons, servers, runners, bussers, cashiers, porters, cooks, line cooks, food preparers, and dishwashers) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

14.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay

6

them their proper wages for all hours worked, including overtime premium at one-and-one-half times the regular rate for all hours worked over forty (40) hours, due to an illegal policy of time-shaving, and improper meal credit deductions. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt front-of-house and back-of-house employees (including delivery persons, servers, runners, bussers, cashiers, porters, cooks, line-cooks, food preparers, and dishwashers), employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of waiters, servers, runners, delivery persons, and busboys ("Tipped Subclass") who also number more than forty (40).  Plaintiff is a member of both the Class and the Tipped Subclass.

19.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, including (i) failing to pay proper wages for all hours worked, including overtime premium at one-and-one-half times the regular rate for all hours worked over forty (40) hours, due to an illegal policy of time-shaving, (ii) improperly deducting a meal credit from their wages, (iii) failing to provide wage statements in compliance with the New York Labor Law, and (iv) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20.     With regard to Plaintiff and Class Members, Defendants failed to pay them proper wages because Defendants were not entitled to claim any tip credit as Defendants failed to meet the statutory requirements under the New York Labor Law. Plaintiff and Class Members suffered

from Defendants' failure to pay proper wages due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) failed to inform Plaintiff and Class Members that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them; (iii) failed to inform Plaintiff and Class Members that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement; (iv) failed to inform Plaintiff and Class Members that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement; (iv) claimed a tip credit for all hours worked by Plaintiff and Class Members despite having caused Plaintiff and Class Members to engage in non-tipped duties for hours exceeding 20% of the total hours worked each week; (v) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period; and (vi) failed to accurately keep track of daily tips earned and maintain records thereof.

21.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit

against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their current employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.   Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

b.   What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c.   At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d.   Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

e.   Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

f.   Whether Defendants engaged in time-shaving practices by paying Plaintiff and Class members for scheduled hours only;

g.   Whether Defendants paid Plaintiffs and Class members overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

h.   Whether Defendants required Plaintiffs and Class members to perform unpaid off-the-clock work;

i.   Whether Defendants claimed an invalid meal credit;

j.   Whether Defendants took the proper amount of meal credit allowance for each payment period under NYLL;

k.  Whether Defendants kept records of the actual costs of the meals provided to Plaintiff and Class members as required under NYLL;

l.  Whether Defendants properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;

m.  Whether Defendants paid Plaintiffs and Tipped Subclass members the state minimum wage for all hours worked;

n.  Whether Defendants took the proper amount of tip credit allowance under the New York Labor Law;

o.  Whether Defendants required Tipped Subclass members to perform non-tipped duties exceeding twenty percent (20%) of each workday;

p.  Whether Defendants provided proper wage statements informing the Tipped Subclass members of the amount of tip credit taken for each payment period, their proper overtime rate of compensation and other information required to be provided on wage statements, as required under the New York Labor Law;

q.  Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

r.  Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the NYLL and applicable state laws; and

s.  Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of the NYLL and applicable state laws.

## STATEMENT OF FACTS

26.    In or around December 2014, Plaintiff GALVEZ was hired by Defendants to work as a delivery person for Defendants' Dishes restaurant located at 399 Park Avenue, New York, New York 10022. Plaintiff was employed by Defendants until March 3, 2020.

27.    While employed by Defendants, Plaintiff GALVEZ was regularly required to work at other Defendant's Restaurant locations, as well as delivering food and supplies among different Restaurants owned by Defendants. During Plaintiff's employment with Defendants, Plaintiff, FLSA Collective Plaintiffs and Class Members were interchangeable among Defendant's Restaurants as needed.

28.    Throughout his employment by Defendants, Plaintiff was scheduled to work five (5) days per week from 5:30 a.m. to 1:30 p.m. for a total of forty (40) hours per week.

29.    Through his employment, Plaintiff GALVEZ was ordered to show at work half hour before his scheduled time. Nonetheless, Plaintiff was not allowed to clock in until 5:30 a.m. Similarly, Plaintiff was requested to clock out at 1:30 p.m. and stay working. At least, Plaintiff worked for around forty-two (42) hours per week.

30.    Although Plaintiff regularly worked in excess of forty (40) hours per workweek, Defendants never paid him overtime premium for weeks that he worked in excess of forty (40) hours, as required under the FLSA and NYLL. Similarly, FLSA Collective Plaintiffs and Class members also worked similar hours that regularly exceeded forty (40) hours per week.

31.    From the start of Plaintiff's employment until March 2020, Defendants had a policy of not allowing Plaintiff GALVEZ to take a meal break. Despite, Defendants deducted automatically half hour per day from Plaintiff's paystubs. Plaintiff and Class members similarly

worked continuously without taking a minimum thirty (30) minutes break. Similarly, FLSA Collective Plaintiffs and Class members were not permitted to take a free and clear break.

32.     At all relevant times, Plaintiff, FLSA Collective Plaintiffs, and Class Members were not properly compensated for all hours worked due to Defendants' time-shaving policies. Defendants automatically deducted thirty (30) minutes every worked shift for meal breaks. However, Plaintiff, FLSA Collective Plaintiffs, and Class Members were directed by Defendants to work through their meal breaks.

33.     Plaintiff GALVEZ was made to come in thirty (30) minutes before the start of his shift, but was not allowed to clock in until his scheduled shift. FLSA Collective Plaintiffs and Class members were similarly subjected to these off-the-clock work.

34.     About two (2) times per week, Plaintiff GALVEZ was made to stay from thirty (30) minutes to one (1) hour past his scheduled shift, but was forced to clock out at his scheduled time. FLSA Collective Plaintiffs and Class members were similarly subjected to these off-the-clock work.

35.     Throughout his employment with Defendants, Plaintiff GALVEZ'S was compensated at a tip credit wage. Specifically, Plaintiff's pay rates were as follows:

> (a) From the beginning of his employment to May 2015, Plaintiff was compensated at an hourly rate of $5.00;
>
> (b) From May 2015 to November 2017, Plaintiff was compensated at an hourly rate of $5.65;
>
> (c) From November 2017 to December 2017, Plaintiff was compensated at an hourly rate of $7.50;

(d) From December 2017 to December 2018, Plaintiff was compensated at an hourly rate of $8.65;

(e) From December 2018 to May 2019, Plaintiff was compensated at an hourly rate of $10.00; and

(f) From May 2019 to the termination of his employment, Plaintiff was compensated at an hourly rate of $12.50.

36.     At all relevant times, like Plaintiff, the Tipped Subclass members were also paid by Defendants at wages below the prevailing minimum wage at an invalid tip credit minimum wage.

37.     Defendants were not entitled to claim any tip credit allowance under the NYLL, because Defendants (i) failed to properly provide tip credit notice; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them; (iii) failed to inform that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement; (iv) failed to inform them that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement; (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for two (2) hours of the total hours worked each workday or hours exceeding twenty percent (20%) of the total hours worked each workweek, in violation of the NYLL; (vi) failed to accurately track daily tips earned or maintain records thereof; (vii) failed to properly provide tip credit notice at hiring and annually thereafter, in violation of the NYLL; and (viii) failed to provide a proper wage statement with every payment of wages informing them of the amount of tip credit deducted for each payment period, in violation of the NYLL.

38.     Plaintiff and Class Members were required to dedicate more than twenty percent (20%) of their working time performing non-tipped related activities, such as assisting kitchen staff, loading and unloading store supplies, and stocking food items and beverages. At all relevant times, Plaintiff and Class Members were compensated at the tipped credit minimum wage rate, despite the fact that they engaged in non-tipped activities for hours exceeding twenty (20) percent of the total hours worked each week.

39.     Throughout Plaintiff's entire period of employment, Defendants always deducted two dollars ($2) per day from his wages as a meal credit. However, Plaintiff never received the benefit of this credit because he was not allowed to take meal breaks. Furthermore, Defendants did not regularly provide Plaintiff with such meals. Defendants only provided a family meal approximately once every month. FLSA Collective Plaintiffs and Class Members were subject to an automatic deduction for meals even though they did not take meal breaks.

40.     Defendants never provided Plaintiff with wage notices at hiring and annually thereafter, as required by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with proper wage notices.

41.     Defendants never provided Plaintiff with proper wage statements at all relevant times. FLSA Collective Plaintiffs and Class members never received proper wage statements that complied with the NYLL.

42.     Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff GALVEZ and Tipped Subclass Members the prevailing minimum wage, including proper overtime premium, for all hours worked, by improperly deducting a tip credit allowance from their wages.

43.     Defendants knowingly and willfully operated their business with a policy of improperly deducting meal credits from the wages of Plaintiff AGUILAR, FLSA Collective Plaintiffs, and Class Members.

44.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices and wage statements to Plaintiff AGUILAR, FLSA Collective Plaintiffs, and Class Members, as required by the NYLL.

45.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members.

### STATEMENT OF CLAIM
### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

46.     Plaintiff realleges and reavers Paragraphs 1 through 45 of this Class and Collective Action Complaint as fully set forth herein.

47.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

49.      At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.00.

50.     At all relevant times, Defendants engaged in a policy and practice of failing to pay the proper wages due to Plaintiff and FLSA Collective Plaintiffs for their hours worked, due to Defendants' time-shaving policy.

51.     Records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Class and Collective Action Complaint to set forth the precise amount due.

52.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

53.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

54.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime premium, due to time-shaving, and an equal amount as liquidated damages.

55.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ON BEHALF OF PLAINTIFF AND CLASS MEMBERS**

56.     Plaintiff realleges and reaver Paragraphs 1 through 55 of this Class and Collective Action Complaint as fully set forth herein.

57.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

58.     At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and Class members the NYC minimum wage due to invalid tip credit deductions.

59.     Defendants failed the rights of Plaintiff and Class members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

60.     Defendants failed to properly notify employees of their overtime rate, in direct violation of the NYLL.

61.     At all relevant times, the Defendants engaged in time-shaving and improper deduction of meal credits, refusing to compensate Plaintiff and Class Members for all hours that they worked.

62.     Defendants willfully violated Plaintiff's and Class members' rights by refusing to compensate them for off-the-clock hours during which they were required to work, including overtime hours.

63.     Defendants willfully violated Plaintiff's and Class members' rights by engaging in improper deduction of meal credits.

64.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper wage notice, at date of hiring and annually thereafter, as required under the NYLL.

65.     Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under the NYLL.

66.     Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, unpaid overtime, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and

disbursements of the action, pursuant to NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages and overtime due to an invalid tip credit due under the NYLL;

d. An award of unpaid compensation, including overtime compensation, due to Defendants' policy of time-shaving under the FLSA and the NYLL;

e. An award of unpaid wages due to Defendants' policy of invalid meal credit deductions under the NYLL;

f. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages, pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and wages for time-shaved hours and off-the-clock work, including overtime hours, pursuant to the New York Labor Law;

i.   An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.   Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

k.   Designation of this action as a class action pursuant to F.R.C.P. 23;

l.   Designation of Plaintiff as a Representative of the Class; and

m.  Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands trial by jury on all issues so triable as of right by jury.


Date: September 21, 2021          Respectfully submitted,
     New York, New York     By:   /s/ *CK Lee*

C.K. Lee, Esq.
**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 W. 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs*
*and the Class*